IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEE NIX, #126666 | § | PETITIONER |
| | § | |
| v. | § | Civil Action No. 1:13CV580 LG-JCG |
| | § | |
| DWAIN BREWER | § | RESPONDENT |

REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the Application of Lee Nix ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed December 31, 2013. On January 27, 2014, Warden Dwain Brewer ["Respondent"] filed a Response [6] to the instant Petition. Having considered the Petition, Response, pleadings, records on file, the arguments of the parties, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

I. FACTS AND PROCEDURAL HISTORY

In January of 2007, Petitioner Lee Nix, was indicted for and convicted of "Touching a Child for Lustful Purposes" and for "Kidnaping" in the First Judicial District of the Circuit Court of Harrison County, Mississippi. R. [7-1], pp. 17, 19. Petitioner was sentenced to a term of ten [10] years on the "Touching a Child for Lustful Purposes" offense and to a term of ten [10] years on the "Kidnaping" offense. Petitioner's sentences were ordered to run consecutively in the custody of the Mississippi Department of Corrections. R. [7-1], pp. 20-21.

Petitioner, assisted by counsel[1], appealed his conviction and sentence to the Mississippi Supreme Court. The conviction was affirmed on February 19, 2009. *Nix v. State,* 8 So.3d 141 (Miss. 2009)[2]. On March 15, 2010, Petitioner filed with the Mississippi Supreme Court a Petition for Application for Leave to Proceed in the Trial Court with a Motion for Post Conviction Relief ["PCR"]. The Mississippi Supreme Court granted Petitioner's post conviction application and ordered the Harrison County Circuit Court to "conduct a hearing . . . regarding proof of the victim's age on September 25, 2005, as it pertains to his conviction of "Touching a Child for Lustful Purposes." R. [7-1], p. 22.  On September 22, 2010, Petitioner filed a Motion for Post Conviction Relief in the Harrison County Circuit Court, asserting the following as error:

> THE STATE FAILED TO INTRODUCE ANY TESTIMONY EVIDENCE AS WELL AS ANY DOCUMENTARY EVIDENCE, SUCH AS BIRTH CERTIFICATE OR OTHER RECORD, TO PROVE THE VICTIM'S AGE, AT THE TIME THE CRIME WAS ALLEGED TO HAVE BEEN COMMITTED BEYOND A REASONABLE DOUBT. THE STATE NEVER PROVED THE AGE OF THE ALLEGED VICTIM ON SEPTEMBER 25, 2005. THE STATE THEREBY FAILED TO PROVE A VIOLATION OF MISS.CODE ANN. SEC. 97-5-23(1).

Following an evidentiary hearing[3], the Harrison County Circuit Court on February

---

[1]Petitioner was represented by attorneys Felicia Dunn Burkes and Alvin Chase during his trial. During his direct appeal to the Mississippi Supreme Court, Petitioner was represented by attorneys Alvin Chase and Benjamin Suber.

[2]Rehearing was denied by the Mississippi Supreme Court on May 14, 2009.

[3]During the post-conviction evidentiary hearing, Petitioner was once again represented by attorney Alvin Chase. R. [7-2], p. 2.

25, 2011, denied Petitioner's PCR Motion.  R. [7-1], p. 42.  Petitioner thereafter filed a timely appeal of the Circuit Court's denial of his PCR Motion to the Mississippi Supreme Court.  R. [7-1], p. 43.   The Mississippi Court of Appeals affirmed the denial of Petitioner's PCR Motion on October 16, 2012.  *Nix v. State,* 126 So.3d 46 (Miss. Ct. App. 2013). On November 21, 2013, the Mississippi Supreme Court, upon Writ of Certiorari, affirmed the judgments of the Harrison County Circuit Court and the Mississippi Court of Appeals by written opinion. *Nix v. State,* 126 So.3d 40 (Miss. 2013).

On December 31, 2013, Petitioner filed the instant § 2254 Application asserting violations of his constitutional rights under the 5th and 14th Amendments to the United States Constitution.  Petitioner asserts the following error:

> THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE STATE DID NOT PROVE THE REQUIRED ELEMENT OF AGE OF THE ALLEGED VICTIM WHERE SHE [SIC] FAILED TO DEMONSTRATE THE DATE OF BIRTH OF ALLEGED VICTIM BY BIRTH CERTIFICATE OR OTHER WRITTEN DOCUMENTARY EVIDENCE SUFFICIENT TO ESTABLISH A DATE OF BIRTH AND ONE WHICH WOULD BE SUFFICIENT TO BE ACCEPTED BY THE STATE AS PROOF OF AGE

§ 2254 Petition [1], p. 4.

Petitioner contends that the prosecution failed to offer documentary proof of the victim's birthday and that this proof "determines whether F.N.H, was in fact, a child.  If not a child, then Nix never violated provisions of . . . § 97-5-23(1)."  *Id.* at p. 5.

II. DISCUSSION

A. APPLICATION OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

The Antiterrorism and Effective Death Penalty Act ["AEDPA"] provides in part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2244(d).

The first exception, subsection (d)(1), applies to pure questions of law or to mixed questions of law and fact and are reviewed under the "contrary to" standard. *Id*. "A state court's decision is 'contrary to' clearly established federal law if 'the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014).

Mixed questions of law and fact are reviewed under the "unreasonable application" standard which is also set forth in 28 U.S.C. § 2254(d)(1). This requires

the Court to examine "the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence." *Id.* at 437.

> A state court's decision involves an 'unreasonable application' of clearly established federal law if 'the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.' . . . The Supreme Court has clarified that when a claim is adjudicated on the merits, for the purposes of review under §2254(d)(1), the record is limited to the one before the state court, even if the state court issued a summary affirmance.

*Hoffman*, 752 F.3d at 437 (internal citations omitted).

"[U]nreasonable application of clearly established federal law" is the sufficiency of the evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). The Supreme Court has since held that "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial." *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012). "The evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. "And a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the decision was 'objectively unreasonable.'" *Id*.

Pure questions of fact are reviewed under the "unreasonable determination of facts" set forth in § 2254(d)(2).

The habeas petitioner shall have the burden of rebutting the presumption

of correctness by clear and convincing evidence. . . . [A] state court's factual determination is 'not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance'.

*Hoffman*, 752 F.3d at 437 (quoting *Wood v. Allen*, 558 U.S. 290, 300-01 (2010)).

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

In the present case, Petitioner's sufficiency of the evidence claim is properly reviewed under the "unreasonable application" standard of § 2254(d)(1) because it involves a mixed question of law and fact and it was heard, considered, and adjudicated both on appeal and as part of his subsequent state post conviction application.

Petitioner was indicted on March 27, 2006, for the offense of "Touching of Child for Lustful Purposes" in violation of Mississippi law.

> **§ 97-5-23. Fondling child; punishment**
>
> 1) Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, or with any object, any child under the age of sixteen (16) years, with or without the child's consent, or a mentally defective, mentally incapacitated or physically helpless person as defined in Section 97-3-97, shall be guilty of a felony and, upon conviction thereof, shall be fined in a sum not less than One Thousand Dollars ($1,000.00) nor more than Five Thousand Dollars ($5,000.00), or be committed to the custody of the State Department of Corrections not less than two (2) years nor more than fifteen (15) years, or be punished by both such fine and imprisonment, at the discretion of the court.

MISS. CODE ANN. § 11-1-65(1)(a).

One of the elements that the State was required to prove was that the victim was

under the age of sixteen at the time of the offense.

The Mississippi Supreme Court in affirming Petitioner's direct appeal, considered the testimony and evidence adduced at trial, noted conflicts in the evidence, and concluded in part that:

> [t]his testimony, however, merely created an issue of fact for the jury to resolve. 'The jury is the sole judge of the weight of the evidence and the credibility of the witnesses.' *Mohr v. State,* 584 So.2d 426, 431 (Miss.1991).
>
> The circuit court did not err in denying Nix's motion for a new trial, as the verdict was not so contrary to the overwhelming weight of the evidence as to sanction unconscionable injustice.

*Nix v. State*, 8 So. 3d 141, 146 (Miss. 2009).

The Court of Appeals considered Petitioner's argument regarding the sufficiency of the State's proof of the victim's age, noting that he failed to raise the issue as part of his direct appeal.

> The State presented evidence from the record to prove that the date of the incident was September 25, 2005. However, the State could only show two instances in the record where witnesses testified about the victim's age.
>
> First, the victim testified that she was seventeen years old on January 9, 2007—the day of trial. Second, Officer Kit Manning of the Biloxi Police Department testified that, when he arrived on the scene on September 25, 2005, he spoke with the victim, whom he described as a "[fourteen]- or [fifteen]-year-old black female."
>
> The State argued that these statements constituted sufficient evidence to prove that the victim was fifteen years old on September 25, 2005. The circuit court agreed. It concluded that '[w]hile the jury was never told the victim's birthday at the trial, her age was mentioned several times[,] and the Defendant never objected. In fact, defense counsel even referenced that the victim's age was fifteen years old on the night of the incident.' Thus, Nix's motion for post-conviction collateral relief was denied.

> Here, Nix's claim that challenges the victim's age could have been made at trial and on direct appeal. Thus, he must show cause and actual prejudice to be granted relief from the waiver. . . . The issue now raised by Nix was certainly ripe for review on direct appeal; the question of whether there was sufficient evidence to prove the victim's age could have been discovered with reasonable diligence at the time of trial or direct appeal
>
> Similarly, objections to the sufficiency of the State's proof on an essential element of the crime charged are routinely raised at the trial level and on direct appeal. Because Nix failed to raise the issue of the victim's age, he cannot show cause, and the waiver in section 99–39–21(1) applies. The circuit court reached the right result in denying Nix's request for post-conviction collateral relief; therefore, the judgment of the circuit court is affirmed.
>
> To prevail on a motion for post conviction collateral relief, Nix had the burden to show that this error would have changed the result of his conviction. MISS.CODE ANN. § 99–39–21(6). We interpret this to require Nix to present evidence of the victim's actual age to show that he would be entitled to relief. He has not. We find no error in the circuit court's judgment.

*Nix v. State*, 126 So. 3d 46, 48-49 (Miss. Ct. App. 2012)

The Mississippi Supreme Court, in its opinion affirming the denial of Petitioner's post-conviction motion, considered and addressed whether the State failed to prove beyond a reasonable doubt the age of the victim, which is one of the essential elements of the crime charged.  The Court held in pertinent part that:

> Now we turn to Nix's appeal of the denial of post-conviction relief. Nix filed his 'Application for Leave to File Motion for Post Conviction Collateral Relief' . . . and for the first time arguing that the proof was insufficient as to the age of the victim. Out of an abundance of caution and to ensure that Nix's conviction did not result in an unconscionable injustice, a panel of this Court granted Nix a hearing in the trial court to establish that the State had failed to present sufficient evidence at trial that the victim was less than sixteen.  . . . At the hearing, "[t]he burden of proof '[was] on [Nix] to show by a preponderance of the evidence that he [was] entitled to relief.'*Roach v. State,* 116 So.3d 126, 131 (Miss.2013) (quoting *Doss v. State,* 19 So.3d 690, 694 (Miss.2009)).  Nix failed to meet

> his burden. The trial court concluded that the jury received sufficient evidence through the police officer's uncontradicted testimony which established age. The officer's testimony did not conflict with the victim's own testimony, and the jury was free to accept or reject it. Furthermore, Nix presented no other evidence that the child's age was anything other than that which was presented to the jury at trial. Thus, no unconscionable injustice was shown.

*Nix v. State*, 126 So. 3d 40, 42-43 (Miss. 2013)

The offense occurred on September 25, 2005. The trial was conducted during January of 2007. At the trial, the victim testified that she was seventeen years old. The record reflects that the victim's date of birth is December 27, 1989. Based upon the evidence and testimony, the Mississippi Supreme Court did not unreasonable apply the law to the facts in this case. Petitioner cannot show that had the victim's birth certificate, a physical piece of paper, been admitted, it was more likely than not that no reasonable juror would have convicted him in light of the evidence presented at trial. As the Mississippi Supreme Court recognized, there was evidence presented at Nix's trial in the form of testimony as to the victim's age. The jury was free to accept or reject testimony. The state court's factual findings were not unreasonable in light of this evidence. Nor can it be said that the state court unreasonably applied the United States Supreme Court's sufficiency of the evidence standard as established in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Hughes v. Epps*, 561 F. App'x 350, 355 (5th Cir. 2014).

## III. RECOMMENDATION

In the present case, the state court's factual findings were not objectively unreasonable in light of the evidence presented at Petitioner's trial. Likewise, the

state court's decision was not an "unreasonable application" of "clearly established" federal law. Having considered the Petition, Response, the record, and the relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied, and the Application for Writ of Habeas Corpus [1] filed by Petitioner Lee Nix pursuant to 28 U.S.C. § 2254 be dismissed.

## IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 17th day of July, 2015.

*s/ John C. Gargiulo*
**JOHN C. GARGIULO**
**UNITED STATES MAGISTRATE JUDGE**